UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| MARK CLOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:05-667-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| D.L. STINE, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Mark Cloyd, who is currently incarcerated in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 1] He has paid the $5.00 filing fee and the matter is now before the Court for screening. [Record No. 2] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has the authority to dismiss a case at any time if it determines that

the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The Petitioner challenges the United States Parole Commission's ("USPC") use of an "upward departure" from its established guidelines. The USPC postponed his presumptive parole date by 45 months. The Petitioner contends that the statutory provision upon which the USPC relied violated the Ex Post Facto Clause[1] and his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution. As a result of USPC's decision, the Petitioner will remain in federal custody 45 months longer than he claims is authorized.

## NAMED RESPONDENT

The Petitioner has named D.L. Stine, the warden of USP-Big Sandy, as the Respondent in this proceeding.

## RELIEF REQUESTED

The Petitioner seeks an order from this Court directing the BOP to reverse the USPC's decision and reduce the term of his criminal sentence by 45 months. He states as of December 2, 2005 (the date he filed his petition), he had already served nine months of the 45-month increased term. He seeks retroactive credit toward part of his sentence for that nine-month period and all time which he has subsequently served.

---

[1] *See* U.S. Const. Art. 1, § 9 ("No . . . ex post facto Law shall be passed."). This clause forbids Congress from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes *additional* punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (emphasis added).

<u>PETITIONER'S CRIMINAL CONVICTION AND APPEALS</u>

In 1986, in the United States District Court for the District of Nebraska ("the trial court"), the Petitioner was indicted for armed bank robbery (18 U.S.C. §§2113(a) and (d)), use of a firearm during a bank robbery (18 U.S.C. §924(c)), and possession of a firearm following a felony conviction (18 U.S.C. §1202(a)(1)[2]). The Petitioner was convicted on all charges.

The trial court conducted a hearing on the information of prior convictions and determined that the Petitioner was subject to sentencing under the enhanced penalty portion of §1202(a) because he had three previous robbery/burglary convictions. The Petitioner was sentenced to consecutive terms of twenty-five years for count I (§§2113(a) and (d)), five years for count II (§924(c)), and twenty-five years for count III (§1202(a)(1)). On appeal, the Eighth Circuit ultimately affirmed all three of the Petitioner's convictions.[3]

<u>USPC's Classification Process</u>

A brief summary of the USPC's Parole Policy Guidelines is necessary for a full understanding of the issues presented. They are set forth in *Guidelines to Decisionmaking*, 28 C.F.R. §2.20 (2006). Under the paroling policy guidelines, *see* 18 U.S.C. §4203(a)(1); 28

---

[2] This statute is known as the Armed Career Criminal Act of 1984 ("ACCA"), Pub.L. No. 98-473, §§1801-03, 98 Stat. 2185 (1984) codified at 18 U.S.C. App. §1202(a).

[3] In *United States v. Cloyd*, 819 F.2d 836, 837 (8th Cir. 1987), the Eighth Circuit affirmed the petitioner's convictions under Count I (armed bank robbery, §§2113(a) and (d)) and Count II (use of a firearm during a bank robbery, §924(c)). The court held that the totality of circumstances supported a finding of probable cause for the bank robbery arrest, and that the sentences imposed as to Counts I and II were within the statutory limits. *Id*. at 836-38. Regarding the conviction under Count III, the court reached a different result. The court deferred a ruling on the petitioner's argument – that his twenty-five-year sentence for Count III was excessive – until it could address *en banc* the construction of §1202(a). *Id*. at 839. After consolidating the petitioner's remaining claim with another criminal appeal involving the same issue, the Eighth Circuit affirmed the petitioner's conviction under Count III. *See United Sates v. Rush*, 840 F.2d 580 (8th Cir. 1988), *cert. denied*, *Cloyd v. United States*, 487 U.S. 1239 (1988).

C.F.R. §2.20, each parole determination is based upon two factors: an Offense Category and a Salient Factor Score. The Offense Category rates the severity of the inmate's offenses according to an index of federal crimes, although the USPC may use a different category in cases of "especially mitigating or aggravating circumstances." 28 C. F. R. §2.20(d) (2006). The Salient Factor Score attempts to predict whether a prisoner will violate parole based upon facts such as the number of prior convictions, and age and probation status at the time of the offense. *See* §2.20(e). An inmate may receive a Salient Factor Score of "Very Good," "Good," "Fair," or "Poor." Once the Commission selects the appropriate Offense Category and Salient Factor Score, it must then cross-reference these scores on a grid to determine a recommended range of parole release dates. *See Guidelines for Decisionmaking*, 28 C.F.R. §2.20 (2006).

## DISPOSITION BY USPC

The factual allegations contained in the §2241 petition concerning relevant dates are not entirely clear. The Petitioner's case apparently came before the USPC sometime in April, 2000. However, a "Notice of Action" ("NOA") letter from the USPC to the Petitioner dated May 3, 2000 is attached to the petition. The NOA letter states that as of April 18, 2000, the Petitioner had been in federal confinement a total of 170 months.[4] The USPC noted in the NOA letter that its Guidelines indicated "a range of 60-72 months to be served before release for cases with good institutional adjustment and program achievement." *Id*., p. 1. The USPC further noted that the Petitioner's "aggregate guideline range" was 148-230 months "to be served." *Id*.

Although the USPC did not refer to any specific statute or regulation in the NOA, it informed the Petitioner that an upward adjustment of his term of imprisonment was warranted,

---

4   Exactly six years (seventy-two months) having now passed. The Petitioner's current term of imprisonment in federal custody would now be 242 months (slightly more than twenty years).

-4-

based a review of all relevant factors and available information. The USPC noted that the Petitioner's offense behavior was rated as Category Five severity because it involved bank robbery while armed, and that his salient factor score (SFS-98) was "2." The USPC decided, however, that the Petitioner's institutional behavior justified the addition of forty-five (45) months to the high end of the Petitioner's sentence (230 months). The result of the increase is that the Petitioner must serve 275 months instead of 230 months. According to the NOA letter, the Petitioner has a presumptive parole date of January 18, 2009.

The USPC explained to the Petitioner that he was a "more serious risk than indicated by [his] salient factor score, in that [he has] a history of assaultive criminal conduct." *Id*. The USPC then discussed the details of the Petitioner's criminal history, which included:

(1) the Petitioner's armed robbery of a jewelry store at the age of 15;

(2) the armed robbery offense in 1986 (while the Petitioner was under parole supervision) which led to the Petitioner's current federal conviction;

(3) an incident while the Petitioner was in state custody prior to serving his current federal sentence in which he assaulted and restrained a state correctional officer in the course of a fight and prevented the officer from assisting other correctional officers; and

(4) a series of criminal violations which the Petitioner had committed between August, 1988 and February, 1994 while in federal custody.[5]

---

[5]  The USPC listed in the NOA letter the following criminal offenses which the Petitioner has committed while he has been in federal custody:

(1) August 10, 1988--Criminal conduct in a prison facility or community treatment center which involved possession of a weapon (Category Three Severity with a USPC Guideline range of 12-16 months to be added to sentence);

(2) October 27, 1990--Criminal conduct in a prison facility or community treatment center which

-5-

In November, 2000, the Petitioner appealed the USPC's decision (the NOA letter) to the National Appeals Board. On February 14, 2001, the National Appeals Board affirmed the USPC's decision, informing the Petitioner that he did not provide any "significant mitigating circumstances sufficient to merit a different decision." On August 25, 2005, the Petitioner filed a request to the USPC asking it to reopen his case.

Although the Petitioner states on page 4 of his Memorandum that he provided the USPC with "favorable information" against the decision to depart above the Guidelines at that time, he did not provide the Court with a copy of his request. He states in his petition that the "favorable information" consisted of his argument that by applying §235(b)(3) of the SRA, and departing upward from the Guidelines, the USPC had violated the Ex Post Facto Clause. The USPC denied the Petitioner's request on September 9, 2005. The Petitioner filed this §2241 petition on December 2, 2005.

---

involved assault with serious bodily injury resulting,(Category Seven Severity with a USPC Guideline range of 64-92 months to be added to sentence);

    (3) February 7, 1994--Criminal conduct in a prison facility or community treatment center which involved possession of a weapon (Category Three Severity with a USPC Guideline range of 12-16 months to be added to sentence);

    (4) Rescission behavior classified as "administrative":

        (a) four drug-related infractions which indicate a Guideline range of 0-8 months per drug-related infraction to be added to sentence; and

        (b) one non-drug-related infraction which indicates a Guideline range of 0-2 months to be added to sentence.

## THE PETITIONER'S ARGUMENTS

The Petitioner contends that by postponing his presumptive parole date by 45 months (hence adding 45 months to his sentence), the USPC violated the Due Process Clause of the Fifth Amendment and the Ex Post Facto Clause. He alleges that the USPC's decision was based upon the "good cause" provision of 18 U.S.C. §4206(c),[6] which provision is contained in the November 1, 1987 *amendment* to §235(b)(3). Petitioner argues that while the 1987 amendment authorizes the USPC to set release dates *outside* of the USPC's Guideline range for "good cause,"[7] it does not apply to prisoners like him who had committed their offenses prior to November 1, 1987. He argues that §235(b)(3) should only be applied to prisoners who had committed offenses after its enactment on November 1, 1987.

Petitioner argues that the USPC's application of the 1987 amendment, which contained the "good cause" provision allowing upward adjustments, amounted to an *ex post facto* 45-month increase to his sentence. He cites *Lyons v. Mendez*, 303 F.3d 285 (3rd Cir. 2002) as authority for his position. In *Lyons*, the prisoner committed his federal offense in 1986. He was supposed to be released in 1998. However, the USPC decided that, based upon the nature of

---

[6]   On December 7, 1987, section 235(b)(3) was amended to delete the clause requiring the Commission to set release dates *within* the guideline range. *See* Sentencing Act of 1987, Pub.L. 100-182, §2(b)(2), 101 Stat. 1266 (1987) (1987 amendment). The amended section 235(b)(3) requires the USPC to set release dates 'pursuant to section 4206 of Title 18 United States Code,' which permits release dates *outside* the Guideline range.

[7]   18 U.S.C. §4206(c) provides that:

> The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: Provided, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

Lyon's offenses, it would depart above its Guidelines. The USPC informed Lyons that he would have to serve until his mandatory release date in July 2009 – or more than 10 years beyond the maximum term in his parole guideline range. The USPC relied on the 1987 amendment to §235(b)(3) which allowed an upward departure. The original 1984 provision of §235(b)(3) did not allow a departure beyond the Guideline range.

Lyons argued that the original version of §235(b)(3) took effect upon enactment of the SRA in 1984. *Lyons*, 303 F.3d at 288. "If, as Lyons argues, the law in effect in 1986 was the original §235(b)(3), requiring dates within the guideline range, then Lyons was clearly disadvantaged when the Commission relied on the 1987 amendment to postpone his release over ten years beyond the guideline's maximum of 148 months." *Id*. The Third Circuit agreed with Lyons' argument that the 1987 amendment operated as an *ex post facto* law when the USPC applied it to postpone his release date beyond his maximum guideline range.

The Court noted that application of the 1987 amendment of §235(b)(3) fit the two criteria of an unconstitutional *ex post facto* law. First, the USPC had *retrospectively* applied the 1987 amended version of §235(b)(3) in order to justify the upward departure, even though Lyons' offenses had been committed in 1986. *Id*. The Court analyzed the history and purpose of the 1987 amendment and determined that the original version of §235(b)(3) took effect on October 12, 1984, the date the SRA was enacted. *Id* at 292. Second, the Court then determined that the USPC's application of the 1987 amendment to Lyons had clearly disadvantaged him, because "it permitted the Commission to set his release date beyond – rather than within – the guideline range." *Id*. at 293.

Petitioner Cloyd states that as of the date he filed his petition (12/2/05), he had served 239 months. He asks that nine months of that service be "counted toward his non-parolable 41-month consecutive sentence to which he should be immediately paroled." *See* Petition at p. 7.

DISCUSSION

Although the Petitioner was indicted in February, 1986, the record does not indicate when he committed the offenses of which he was convicted.[8]  Therefore, the Respondent will be directed to file a response setting forth the date on which he committed armed bank robbery.

The Court notes that other Circuits have held that the SRA went into effect on November 1, 1987. *See Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004) ("The SRA became effective on November 1, 1987, when it repealed and replaced the Parole Commission and the PCRA [Parole Commission Reorganization Act of 1976]. . . ."; *Tripati v. U.S. Parole Com'n*, 872 F.2d 328, 330 (9th Cir. 1988) ("The effective date of the SRA was November 1, 1987. . . ."). The Court takes judicial notice that other members of this Court have recently dismissed §2241 petitions filed by District of Columbia Code offenders confined in this district. *See Washington v. Reilly*, Pikeville Civil Action No. 7: 05-241 (Hon. Karen K. Caldwell, presiding) (Feb. 10, 2006, Memorandum Opinion and Order), and *Forte v. Dove*, Pikeville Civil action No. 7: 04-427 (Hon. David L. Bunning, presiding) (Mar. 31, 2005, Memorandum Opinion and Order). Those opinions address many of the relevant legal issues, but they do not refer to the Third Circuit's decision in *Lyons*. As a result, this record will require further development before the Court can properly address the issues presented. The Respondent will be directed to

---

[8] For *ex post facto* analysis, the dates of conviction and sentencing are irrelevant. *See Rogers v. Tennessee*, 532 U.S. 451, 456 (2001), and *Leisure v. Hastings*, 95 Fed. Appx. 181, 182 (7th Cir. 2005) (Not selected for publication in the Federal Reporter).

file a response to the instant petition and explain what, if any, application *Lyons* case may have to Petitioner Cloyd's arguments under the Ex Post Facto Clause.[9]

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

(1)     The Clerk of the Court shall serve, by certified mail, return receipt requested, a copy of Record No. 1 and this Memorandum Opinion and Order upon the United States Parole Commission; the Attorney General for the United States; and the United States Attorney for the Eastern District of Kentucky.

(2)     Respondent, by counsel, shall answer or otherwise defend within sixty (60) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(3)     Upon entry of a response or upon the expiration of the 60-day time period, the Clerk of the Court shall notify the Pro Se Office.

(4)     The Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5)     For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon Respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a

---

9     *See also Leisure v. Hastings*, 95 Fed. Appx. at 182 ("Although the 1987 statute may cause problems with respect to persons whose offenses were committed after the 1984 law and before the repeal, *see Lyons v. Mendez*, 303 F.3d 285 (3d Cir. 2002), there is no constitutional problem with respect to crimes committed before the Sentencing Reform Act of 1984.")

certificate stating the date a true and correct copy of the document was mailed to Respondent or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court**.

    This 24th day of April, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge